### In the Matter of the WELFARE OF J.J.T.

### No. C8–96–1279.

Court of Appeals of Minnesota.

March 11, 1997.

Paul C. Thissen, Special Assistant State Public Defender, Briggs and Morgan, John M. Stuart, State Public Defender, Charlann E. Winking, Assistant Public Defender, Minneapolis, for Appellant J.J.T.

Hubert H. Humphrey III, Attorney General, St. Paul, for Respondent State of Minnesota.

Roger S. Van Heel, Stearns County Attorney, William S. MacPhail, Assistant County Attorney, St. Cloud, for Respondent State of Minnesota.

Considered and decided by AMUNDSON, P.J., SCHUMACHER and KLAPHAKE, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant juvenile J.J.T. was adjudicated delinquent for a federal offense involving theft of mail. He claims the district court should have voided its adjudication of his delinquency because the court lacked jurisdiction to decide the federal offense and because the case was not properly referred to the district court. Because state courts lack jurisdiction to decide juvenile cases where the underlying charge is solely a violation of federal law, we reverse.

## FACTS

On the morning of December 21, 1995, J.J.T., then 14 years old, and his 16–year-old brother, J.T., left school without permission, driving a borrowed truck. While driving in rural Meeker County, they devised a plan to steal and open mail, hoping to find Christmas money. During "a good part of the day," they stole mail from an estimated 100 mailboxes and discarded it further along their route. J.J.T. claims they never found money or other items of value in the stolen mail.

A delinquency petition filed against J.J.T. in Meeker County included two counts: (1) felony theft of mail under 18 U.S.C. § 1708 (1994), and (2) third-degree criminal damage to property under Minn.Stat. § 609.595, subd. 2 (1996). The district court later transferred the case to Stearns County where J.J.T. had moved to live with his mother.

At a pretrial hearing, the district court granted J.J.T.'s request to dismiss the state charge because the state conceded it could not prove damages of between $250 and $500, an element of the offense. The court denied J.J.T.'s subsequent motion to dismiss the petition for lack of jurisdiction over the solely remaining federal claim and transferred the case to Meeker County for adjudication. J.J.T. then admitted the federal offense and the case was again transferred to Stearns County for disposition. J.J.T. was adjudicated delinquent, placed on probation, ordered to perform 80 hours of community service, make restitution, and attend family group conferences.

## ISSUE

Did the district court have jurisdiction to adjudicate J.J.T. as delinquent where the delinquency petition was based solely on a claimed violation of federal law?

## ANALYSIS

J.J.T. claims the district court lacked jurisdiction to adjudicate him as delinquent because he was charged only with a federal criminal violation, and federal courts have exclusive jurisdiction over such offenses. Under federal law,

> [t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

18 U.S.C. § 3231 (1994). A state may not initiate a criminal prosecution in state court "for that which is merely an offence against the general government." *Tennessee v. Davis,* 100 U.S. 257, 262, 25 L.Ed. 648 (1880); *see Gutierrez v. City of Wenatchee,* 662 F.Supp. 821, 824 n. 2 (East Dist. Wash.1987) (18 U.S.C. § 3231 codifies federalism concept "which prevents the national government from imposing upon the sovereignty of the state and vice versa"). This prohibition applies to juvenile proceedings, as well as to criminal prosecutions. *See State v. Tidwell,* 32 Wash.App. 971, 651 P.2d 228, 231 (1982) (state court had no jurisdiction over juvenile offender who violated federal criminal civil

rights statute because federal courts have exclusive jurisdiction over such offenses). Although the purpose of this case was to determine J.J.T.'s status as delinquent or not, it also involved a determination of whether J.J.T. committed the offense that formed the basis of the delinquency petition. *See* Minn.Stat. § 260.181, subd. 1 (1994). For these reasons, the district court should have dismissed the delinquency petition for lack of jurisdiction after the state dismissed the state criminal damage to property charge.[1]

Because we conclude that the district court did not have jurisdiction to decide the delinquency petition against J.J.T., we decline to decide whether referral was properly made in this case.

## DECISION

The trial court lacked jurisdiction to decide the underlying federal offense that served as the sole basis for the delinquency petition against J.J.T. The adjudication of delinquency is therefore reversed.

**Reversed.**

KLAPHAKE, Judge (concurring specially).

The majority's decision, which I join, is further buttressed by the reciprocal requirements for referral of juveniles under state and federal law. Under federal law, after a juvenile is arrested and charged with a federal offense, the "United States Attorney" may "surrender" the juvenile to a state if the offense would constitute a state crime and the state agrees to assume jurisdiction over the juvenile. 18 U.S.C. § 5001 (1994); *cf. State v. Tidwell,* 651 P.2d at 230–31 (Wash. Ct.App.1982) (describing federal transfer of juvenile cases to state courts where jurisdiction is concurrent). Minnesota's referral statute echoes federal law, contemplating referral *only* for violations of "federal law or a law of another state." Minn.Stat. § 260.015, subd. 5(a)(2) (1994). Under section 260.015, subd. 5(a)(1), a child may be adjudicated delinquent if the child "has violated any state or local law." Under section 260.015, subd.

5(a)(2), a child may be adjudicated delinquent if the child has "violated a federal law * * * and [the] case has been referred to the juvenile court." Under the plain and clear wording of this statute, a juvenile offender who violates federal law must be referred to Minnesota's juvenile court. *See* Minn.Stat. § 645.08(1) (1994) (words and phrases construed according to common and approved meaning). Absent proper referral, the district court here had no authority to assume jurisdiction over J.J.T.

---

1. We note that had the state charged J.J.T. with a lesser destruction of property offense under Minn.Stat. § 609.595, subd. 3 (1996), the jurisdictional problem would not have arisen in this case. The lesser charge did not require $250–$500 in damages, the element of the greater offense, which the state conceded that it could not prove.